# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RICARDO GLOVER,**

    **Plaintiff,**

    v.                                    Case No. 14-CV-87

**PSY D JONATHON DICKEY,**

    **Defendant.**

## DECISION AND ORDER

Plaintiff has filed a Motion for the Defendant to Stop Threats and to Comply with the Directive of the Court. According to plaintiff, defendant improperly mailed him an Authorization and Information Consent for Use and Disclosure of Medical Information. The form was accompanied by a letter requesting that plaintiff sign the authorization and advising that if he failed to do so defendant would file a motion to compel discovery with the court and, if necessary, a subsequent motion to dismiss this action. Although plaintiff characterizes defendant's letter as an improper threat, it was a request which he was free to decline, which he did. Plaintiff contends that defendant violated the Federal Rules of Civil Procedure because the disclosure request was made before entry of a Scheduling Order. The timing provision of Federal Rule of Civil Procedure 26 states that a party may not seek discovery before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosures under Rule 26(a)(1)(B). This case is exempt from initial disclosure, see Fed. R. Civ. P. 26(a)(1)(B)(iv), and therefore the parties are not required to confer before engaging in discovery. Plaintiff has not pointed to any

rule preventing discovery requests before entry of a Scheduling Order and the court is not aware of any. Accordingly, his motion will be denied.

Next, plaintiff has filed a Motion for Independent Evaluation on Whether Lawful Custody and Authority was Conveyed to the Wisconsin Department of Corrections, its Agents, Defendant Jonathan Dickey and Others. He contends that the Wisconsin circuit court did not have personal and subject matter jurisdiction to hear his criminal case, Racine County Case Number 89-CF-402. In that case, plaintiff pled guilty to first-degree sexual assault and false imprisonment with a dangerous weapon, and no contest to attempted first-degree intentional homicide. The Wisconsin court entered a judgment of conviction on February 22, 1990. Glover was sentenced to 45 years imprisonment. See State v. Glover, 168 Wis. 2d 358 (Ct. App. 1992) (per curiam). Plaintiff's argument that the state court did not have jurisdiction in 1989 related to his criminal case is improper in this civil case. In any event, as stated by defendant in his letter response to plaintiff's motion, plaintiff has already challenged the issue in both state and federal courts. Based on the foregoing, his motion will be denied.

Plaintiff has also filed a Motion for the Defendant to Provide Plaintiff with a Complete Copy of his Pleadings Dated June 13, 2014, Pursuant to Federal Rule of Civil Procedure 5(a). He asserts that defendant failed to provide him with a copy of his re-numbered complaint, as set forth in the certificate of service accompanying his answer. The certificate of service filed with the court along with defendant's answer does not mention a re-numbered complaint, although the answer itself does, and defendant did not file a re-numbered complaint with their answer. It appears that there has been a clerical error regarding the re-numbered complaint. Defendant should correct that error within five days

of the date of this order by filing the re-numbered complaint with the court and mailing it to plaintiff.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for defendant to stop threats (Docket # 13) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for independent evaluation (Docket # 21) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for defendant to provide plaintiff with complete copy of his pleadings (Docket # 23) is **GRANTED** as set forth herein.

Dated at Milwaukee, Wisconsin, this 15th day of July, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge