**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

RICARDO GLOVER,

    Plaintiff,

v.                                                                           Case No. 14-CV-87

PSY. D. JONATHON DICKEY,

    Defendant.

## DECISION AND ORDER

Defendant has filed a motion to amend his answer to plaintiff's amended complaint along with a proposed amended answer. Defendant asserts that he inadvertently answered plaintiff's March 18, 2014, amended complaint. However, plaintiff's April 7, 2014, second amended complaint (Docket 9) is the operative complaint in this action. This motion will be granted. See Fed. R. Civ. P. 15(a)(2).

Plaintiff has filed a motion for reconsideration of the court's July 15, 2014, denying his motion for independent evaluation. The court's July 15, 2014, order states in relevant part:

> Next, plaintiff has filed a Motion for Independent Evaluation on Whether Lawful Custody and Authority was Conveyed to the Wisconsin Department of Corrections, its Agents, Defendant Jonathan Dickey and Others. He contends that the Wisconsin circuit court did not have personal and subject matter jurisdiction to hear his criminal case, Racine County Case Number 89-CF-402. In that case, plaintiff pled guilty to first-degree sexual assault and false imprisonment with a dangerous weapon, and no contest to attempted first-degree intentional homicide. The Wisconsin court entered a judgment of conviction on February 22, 1990. Glover was sentenced to 45 years imprisonment. See State v. Glover, 168 Wis. 2d 358 (Ct. App. 1992) (per curiam). Plaintiff's argument that the state court did not have jurisdiction in 1989 related to his criminal case is improper in this civil case. In any event, as stated by defendant in his letter response to plaintiff's motion, plaintiff has already challenged the issue in both state and federal courts. Based on the foregoing, his motion will be denied.

(Court's Order of July 15, 2014, at 2.)

The second sentence of Rule 54(b) states that:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

A district court will grant a motion for reconsideration when: (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court. Bank of Waunakee v. Rochester Cheese Sales Inc., 906 F.2d 1185, 1191 (7th Cir. 1990). In support of his motion for reconsideration, plaintiff reiterates that his 1989 conviction is void. He further contends that the Wisconsin Department of Corrections and defendant Dickey do not have legal custody/jurisdiction over him. Plaintiff's motion for reconsideration restates arguments from his original motion and does not demonstrate that the court's July 15, 2014, order contains an error. As such, the motion will be denied.

Related to his motion for reconsideration, plaintiff has filed a "Motion for Order Directing Defendant to Prove to the Court that his Employer was Conveyed Lawful Custody and Authority over Plaintiff." This motion is similar to plaintiff's original motion for independent evaluation in which he maintains that the Wisconsin Department of Corrections does not have lawful custody of him because his criminal conviction is invalid. I have already addressed this issue and I will deny the motion.

Plaintiff has filed two motions for extension of time. In the first motion, filed October 6, 2014, he seeks an unspecified extension of time pending the outcome of the motions addressed herein. In his second motion, filed October 7, 2014, plaintiff seeks an extension of time to complete discovery and respond to defendant's motion for summary judgment. Plaintiff's request for additional time is reasonable and defendant does not oppose the request. Therefore, I will grant the latter motion and deny as moot the former motion.

**THEREFORE, IT IS ORDERED** that defendant's motion to amend/correct answer (Docket # 32) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration (Docket # 37) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order (Docket # 42) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time (Docket # 61) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time (Docket # 64) is **GRANTED**. The deadline for the completion of discovery is **January 20, 2015**, and plaintiff's response to defendant's motion for summary judgment is due on or before **February 23, 2015**.

Dated at Milwaukee, Wisconsin, this 19th day of November, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge