UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**RICARDO GLOVER,**

  **Plaintiff,**

 v.              Case No. 14-CV-87

**PSY D. JONATHON DICKEY,**

  **Defendant.**

## DECISION AND ORDER

 Plaintiff has filed multiple motions and defendant has filed a motion to compel.[1] I will address these motions in this order.

## Plaintiff's Motions to Strike

 On December 1, 2014, plaintiff filed a motion to strike defendant's summary judgment declaration, and all other documents it refers to (ECF No. 84). He asserts that the information was obtained unlawfully, contrary to the Health Insurance Portability and Accountability Act ("HIPAA") and section 146.82(1) and (2) of the Wisconsin Statute, which prohibit disclosure of medical information without specific written consent of the person to whom it pertains or is otherwise permitted by such regulations. Plaintiff cites to that portion of defendant's declaration which refers to plaintiff's July 17, 1991, Wisconsin Department of Corrections ("DOC") intake evaluation with a Dr. Kenworthy.

 On December 11, 2014, plaintiff filed his "second motion to strike defendant's declaration and order the DOC, its employees, or staff members to release his document"

---

[1] I will address defendant's motion for summary judgment in subsequent order when it is fully briefed.

(ECF No. 89). By this motion, plaintiff again requests that I strike defendant's summary judgment declaration and all documents it refers to. He also requests that I order the Oshkosh Correctional Institution's (OSCI) Record Office Staff to place plaintiff's May 26, 2000, Separate Appendix (Appendix-A through Appendix-FF, ECF No. 90-3) back in his parole file unrestricted so that he can review it anytime.[2]

Defendant filed one response to both motions to strike (ECF No. 107). Defendant contends that I should deny the motions as moot. He asserts that plaintiff's motion to strike is "based on a statement Dr. Dickey cites from a document that OSCI staff accidentally sent to Dr. Dickey as responsive to Glover's discovery demands." (ECF No. 107 at 1.) According to defendant,

> After reviewing Glover's brief in support of his motion to strike, counsel for Dr. Dickey searched the Department of Justice's (DOJ) file for the document containing the cited statement. (Bachhuber Decl. ¶ 3). Counsel then mailed Glover a copy of the document and destroyed all paper and digital copies in the possession of the DOJ. (Id. ¶¶ 4-5). Dr. Dickey further stipulates to striking the defendant's proposed finding of fact number 4, (Dkt. 68, p. 2), Dr. Dickey's declaration at paragraph 18, (Dkt. 69, p. 5), and the first paragraph under subsection B of the statement of facts section of the defendant's brief in support of motion for summary judgment at page 4. (Dkt. 67, p. 4). This removes all reference to the cited statement from the record in this case. Because Dr. Dickey agrees to strike all references to the statement, the plaintiff's motion to strike is moot.

(ECF No. 107 at 2.)

---

[2] On December 31, 2014, plaintiff filed a motion to withdraw or amend his second motion to strike (ECF No. 103). He seeks to amend the motion to exclude that part of the motion that refers to "second motion to strike" and to have the amended motion pertain only to that part of the "motion to order the Wisconsin Department of Corrections, its employees, or staff members to release his documents." Plaintiff filed his motion in response to defendant's motion for extension of time to respond to the first motion so that he could file one comprehensive response to both motions to strike because they are "essentially identical." I granted defendant's motion for extension of time on December 23, 2014. Thus, I will deny as moot plaintiff's motion to withdraw or amend his second motion.

In reply, plaintiff contends that I should sanction defendant for his bad faith conduct because he unlawfully accessed plaintiff's medical records, or had someone do it for him.

Based on defendant's response quoted above, plaintiffs motions to strike are moot. I will order the materials stricken from the record. Moreover, I will not sanction defendant. I am not convinced that defendant cited the information in bad faith. (See Affidavit of Rachel L. Bachhuber, ECF No. 108.) I also note that the information contained in the soon-to-be-stricken materials is less revealing with regard to plaintiff than other information already in the record. Accordingly, I will deny plaintiff's motions to strike.

Defendant did not address plaintiff's request from his second motion that I order OSCI Records Office staff to place plaintiff's May 26, 2000, Separate Appendix (Appendix-A through Appendix-FF, ECF No. 90-3) back in his parole file unrestricted so that he can review it at anytime. However, I do not have jurisdiction over OSCI Records Office staff. It is not clear why these materials were apparently removed from plaintiff's files, but I will not interfere with prison administration and order that they be returned. In any event, according to plaintiff, most, if not all, of the materials cited in the appendix are already in the record. Based on the foregoing, I will deny plaintiff's request.

### Plaintiff's Motions to Compel

**A.     First Motion to Compel**

On December 11, 2014, plaintiff filed a motion to compel with regard to requests 2 through 13 from his first request for production of documents, admissions 3, 5, 6, 8, 10, 15, 17, 19, 20, 23, 25-29, 31, 33-40 from his first request for admissions, and interrogatories

1-6, 10-15 from his first request for interrogatories (ECF No. 92.) Defendant contends that I should deny plaintiff's motion.

Upon review of defendant's responses to plaintiff's discovery requests (ECF No. 77-1), I conclude that he provided adequate responses, including those that did not provide the requested documents. For example, defendant did not provide responsive medical documents because plaintiff has not signed an authorization for the disclosure of his medical information. In addition, defendant did not provide a responsive document where none existed.

Turning to plaintiff's request for admissions, I also find that defendant's responses are entirely reasonable (although some of the requests are not) (ECF No. 77-2). For example, plaintiff's admission number 3 is four pages long and contains multiple subparts. Defendant explains why he objected to this request:

> Glover cites "Exhibits A thru H" of the "packet of information" that was sent to Dr. Dickey in 2011. (Id.) Dr. Dickey objected to the request as compound and because the documents speak for themselves. (Dkt. 77-2 at 6). The request is also irrelevant and not likely to lead to the discovery of relevant, admissible evidence for Glover's claims in this matter. Fed. R. Civ. Pro 26(b)(1). Glover's request is based on what appear to be exhibits and transcripts from his criminal trial in Racine County Case No. 89-CF-402, which resulted in his conviction for first degree sexual assault, false imprisonment with a dangerous weapon, and attempted first degree intentional homicide. (Dkt. 9-1 at 15-110; Dickey Decl. ¶ 17, Ex. 1006, Dkt. 69 at 5). Glover wants Dr. Dickey to read through these documents and admit or deny inconsistencies in the prosecutor's case and his victim's account of his attack. (Dkt. 77-2 at 2-6).
>
> Dr. Dickey's response to this multifarious request will not have any tendency to make a fact more or less probable that is of consequence to this class-of-one discrimination claim. Fed. R. Civ. Pro 26(b)(1); Fed. R. Evid. 401. If anything, Glover's continued attempts to force Dr. Dickey to examine the weaknesses or inconsistencies in his victim's story proves that Glover has not and is not demonstrating a willingness to accept his conviction, a

necessary prerequisite for admission into the SO-2 treatment program. (Dickey Decl. ¶ 15, Dkt. 69 at 4-5).

(ECF No. 77-2 at 2-6.)

Defendant responded to request for admission numbers 5-6 as follows:

> REQUEST NO. 5: Defendant Dickey admit that you in your January 3, 2013, memorandum to Plaintiff Glover, you informed Plaintiff Glover that the criteria for allowing inmates entrance in SOT Programs is based upon their release date, with additional consideration given to parole endorsements and SO-2 is an 11- month program, all pertaining to prisoners who have mandatory release or presumptive mandatory release date.
>
> RESPONSE NO. 5: Counsel for Defendant OBJECTS on the grounds that the document speaks for itself and no answer should be required by this Defendant. Subject to and without waiving the objection, ADMIT that in the January 3, 2012 memorandum I sent to Plaintiff Glover, I stated, "I have received your request to enroll in SO-2 treatment at OSCI. I also reviewed the packet of information that you submitted with your request. This information will be filed for future reference. Enrollment in SO-2 is based upon release date, with additional consideration given to parole endorsements. SO-2 is an 11-month program. Based upon your current release date of 05/28/2019 you should be interviewed for treatment in early 2018." To the extent this request contradicts the statements contained in the January 3, 2012 memorandum, Defendant DENIES.
>
> REQUEST NO. 6: Defendant Dickey admit that in your January 3, 2012, memorandum to Plaintiff Glover, you informed Plaintiff Glover that since he did not have an endorsement from the Parole Commission and based upon his current release date of 05/28/2019, he should be interviewed for treatment in early 2018.
>
> RESPONSE NO. 6: SEE RESPONSE TO NO. 5.

(Dkt. 77-2 at 7). Defendant adequately responded to, or appropriately objected to, plaintiff's remaining requests for admissions.

Defendant also adequately responded to plaintiff's request for interrogatories (ECF No. 77-3). He objected to several where they requested confidential medical information about other inmates. Defendant was not able to fully answer interrogatory number 2

5

because plaintiff has not signed a medical authorization form. However, defendant fully answered the interrogatory. Defendant answered the remaining interrogatories.

**B.     Second Motion to Compel**

On December 12, 2014, plaintiff filed a motion to compel discovery regarding requests 1, 2, 4, 5 from his second request for production of documents, admissions 1, 2, 3, 4, 5, 4-2, 5-2, 6, 8, 9, 10, 12, 13, 14, 15 from his second request for admissions, and interrogatories 2, 3, 4, 5, 6, 7 from his second request for interrogatories (ECF No. 95). Defendant did not file a response to this motion. Nonetheless, I have reviewed the discovery requests and find that they are reasonable. (See ECF Nos. 77-4, 77-5, 77-6; Exhs. 51-53.)

For example, defendant objected to document request 1 because it seeks confidential sex offender treatment (SOT) information about another inmate. Document request 2 seeks "a copy of any and all documents, on how many inmates have taken a SOT Program and thereafter challenged any part of their sexual assault conviction." (ECF No. 77-4 at 2.) Defendant objected on the grounds that SOT records are confidential but also stated that he was "not aware of any formal method of tracking inmates who have challenged their conviction." (Id.) Request 4 seeks confidential health information about defendant, to which defendant objected. Document request 5 seeks "a copy of any and all documents, where the documentation received on an inmate by the DOC conflicted with his treatment in the DOT Programs." (ECF No 77-4 at 3.) Defendant objected because SOT records are confidential.

With regard to plaintiff's request for admissions, defendant justifiably objected to several requests (ECF No. 77-5). He objected to request 1 which sought a legal

conclusion from a state criminal case. Defendant objected to requests 2, 3 and 8 as irrelevant and speculative, to 10 as irrelevant and also because it was a compound request, to request 12 because it was a compound request, and to 13 and 14 because they were compound requests and irrelevant. Defendant adequately responded to the remaining requests for admissions.

Turning to plaintiff's request for interrogatories, defendant reasonably objected to the challenged requests (ECF No. 77-6.) Specifically, requests 2-5 sought confidential information and request 6 sought irrelevant information. Defendant objected to request 7 as irrelevant but then he went ahead and answered.

I will deny plaintiff's second motion to compel for reasons stated above.

## C. Third Motion to Compel

On January 23, 2015, plaintiff filed a motion to compel discovery relating to interrogatories 1, 2 from his third request for interrogatories, 1-11 from his third request for admissions, and document 1 from his third request for production of documents (ECF No. 125). In response, defendant contends that I should deny plaintiff's motion to compel because he failed to comply with the requirement to confer in good faith and because defendant has already responded to the discovery requests.

According to defendants,

> Glover served his third set of discovery requests on Dr. Dickey on September 19, 2014. (Dkts. 57-59.) Dr. Dickey objected to the discovery because the responses would have been due after the October 14, 2014 deadline for completion of discovery. (Bachhuber Decl., Ex. 1012.) In an order dated November 19, 2014, the court extended the deadline for completion of discovery to January 20, 2015. (Dkt. 78.) On December 1, 2014, Glover again served Dr. Dickey with his third set of discovery requests. (Dkts. 81-83.) The discovery requests were not identified or captioned as "revised" or "amended." (Id.) With the exception of the requests for

> production of documents, the first version having two requests, the second
> version having one request, Glover's third sets of discovery requests are
> identical. (Dkts. 57-59, 81-83.)
>
> On December 12, 2014, Dr. Dickey sent Glover his responses to
> Glover's third set of discovery. (Bachhuber Dec., Ex. 1013.) Dr. Dickey
> responded to the request for production of documents that had two requests.
> (Bachhuber Decl., Ex. 1013.)
>
> On January 8, 2015, Glover filed a notice of Dr. Dickey's
> noncompliance with his "revised" third request for discovery materials,
> alleging that he had not received Dr. Dickey's responses to his third set of
> discovery requests. (Dkt. 111.) That same day, counsel for Dr. Dickey
> responded to Glover's notice, explaining that no differences were noted
> between the third sets of discovery and the responses provided to him on
> December 12, 2014 were responsive to his requests. (Bachhuber Decl., Ex.
> 1014.) Counsel enclosed another copy of those responses and further
> stated:
>
>> If we are overlooking a specific request that you seek a
>> response to that is substantively different from the requests
>> that we have already responded to, please let us know as soon
>> as possible by responding to this letter and identifying the
>> specific request for our review.
>
> (Id.) Instead of pointing out any substantive differences between the sets of
> discovery, Glover accused counsel of bombarding him with paperwork and
> having unclean hands. (Dkt. 118.) Then, he filed the present motion to
> compel. (Dkt. 125.)

(ECF No. 146 at 1-2.)

As an initial matter, there is no substantive difference between plaintiff's first third set of discovery requests and his second third set of discovery requests. Plaintiff references footnotes from his interrogatory requests that purported to assist defendant in answering that differ in his first and second versions. However, the interrogatories are not relevant to this case and seek a conclusion of law related to plaintiff's criminal charge in *Wisconsin v. Glover*, Racine County Case No. 89-CF-402. Defendant objected on that basis. The information contained in the footnotes to help defendant answer the

8

interrogatory is irrelevant. Defendant adequately responded to, or objected, to plaintiff's remaining discovery requests from his third set of discovery requests (ECF No. 147-2.) Therefore, his motion to compel will be denied.

**D.     Fourth Motion to Compel**

On January 27, 2015, plaintiff filed a motion to compel discovery with regard to requests 1-5 from his fourth request for production of documents and admissions 1, 2, 3, 6, 7 from his fourth request for admissions (ECF No. 129.) Defendant contends that I should deny the motion because defendant responded to the requests with his answers and, as such, there is nothing to compel.

According to defendant, plaintiff's fourth set of requests for production of documents seeks documents that do not exist and compilations of specific data that do not exist. See, e.g., ECF No. 154-1 at 7-8. Defendant's responses to plaintiff's fourth request for production of documents are adequate.

Turning to plaintiff's request for admissions, defendant adequately responded to the requests. He admitted admission numbers 3 and 6. Defendant asserted that he was unable to admit or deny numbers 1 and 2. With regard to admission number 7, plaintiff's request and defendant's response are as follows:

> REQUEST NO. 7: Defendant Dickey admit that under Wis. Stat. § 227.10.(3)(c) – Statement of policy and interpretation of law; discrimination prohibited; which provides, "Each person affected by a rule is entitled to the same benefits and treatment as any other person under the same or similar circumstances," if you request and require one prisoner to sign a statement that he will never challenge any part of his sexual assault conviction prior to following him to participate in a sex offender treatment program, you must request and require the same from all prisoners who you allow in the program.

9

> RESPONSE NO. 7: Counsel for Defendant OBJECT to this request on the grounds that it calls for a legal conclusion and that it is not relevant. There is no rule requiring inmates to sign a document stating they will never challenge any part of their sexual assault conviction; no such document exists.

(ECF No. 154-1 at 4.)

In sum, defendant's responses to Glover's fourth requests for admission are adequate.

### **Plaintiff's Motions for Default**

On January 8, 2015, plaintiff filed a motion for the Clerk of Court to enter a default against defendant because he failed to respond to plaintiff's motion to strike defendant's declaration (ECF No. 112). In response, defendant contends that plaintiff's motion for default should be denied because he suffered no prejudice and his claim lacks merit. (See ECF No. 135.)

On February 25, 2015, plaintiff filed a motion for default judgment because defendant failed to respond to his second motion to compel discovery (ECF No. 159). Defendant did not file a response to this motion.

Plaintiff has not established sufficient grounds for the entry of default against defendant in this case. See Fed. R. Civ. P. 55. Accordingly, I will deny his motions.

### **Defendant's Motion to Compel**

On January 28, 2015, defendant filed a motion to compel plaintiff to sign an authorization for the release of protected health information (ECF No. 133). According to defendant, after plaintiff objected to the initial request, he narrowed the scope of the request to plaintiff's psychological services records. Defendant asserts that plaintiff has

10

Case 2:14-cv-00087-LA   Filed 05/26/15   Page 10 of 14   Document 176

not responded to the second request and instead accuses defendant of fraud, theft, and corruption due to the accidental disclosure of a document by OSCI staff (the document that was the subject of plaintiff's motions to strike, discussed above). Defendant certifies that he attempted to resolve this matter with plaintiff prior to filing his motion to compel.

In response, plaintiff opposes defendant's motion to compel. (See ECF 143, 145.) He focuses on the stricken document that defendant allegedly "stole."[3]

Plaintiff has a constitutional interest in protecting his medical records. See Whalen v. Roe, 429 U.S. 589 (1977). However, he waived this interest when he filed suit against defendant related to his sex offender treatment. See, e.g., Doe v. Marsh, 918 F. Supp. 580, 585 (N.D. N.Y. 1996); Ferrell v. Glen-Gery Brick, 678 F. Supp. 111, 112 (E.D. Pa. 1987) ("both courts and commentators alike have consistently taken the view that when a party places his or her physical or mental condition in issue, the privacy right is waived.").

Defendant is entitled to the requested records. However, defendant has filed a motion for summary judgment and if I grant the motion, defendant will not need the records. Therefore, I will deny without prejudice defendant's motion to compel. He may refile the motion if necessary.

### Plaintiff's Other Motions

On February 12, 2015, plaintiff filed a motion for the court to impose sanctions on defendant for violating the rules governing discovery (ECF No. 138). According to plaintiff, defendant and counsel "stole documents from plaintiff Glover psychological files at

---

[3] On March 9, 2015, plaintiff filed a motion to strike defendant's motion to compel because defendant did not file a reply brief (ECF No. 165). However, a reply is optional - plaintiff's motion is without merit and will be denied.

11

Oshkosh Correctional Institution that were confidential and protected by law . . . ." On March 11, 2015, plaintiff filed a motion to disregard any papers filed by defendant challenging plaintiff's motion for the court to impose sanctions on defendant because defendant failed to respond to the motion (ECF No. 169). In response, defendant filed a letter on March 30, 2015, opposing the motions.

I have already addressed plaintiff's allegations regarding his allegedly stolen documents. The instant motions are without merit and will be denied.

### Defendant's Motion for Summary Judgment

On February 17, 2015, plaintiff filed a motion for extension of time to respond to defendant's motion for summary judgment (ECF No. 148). Defendant opposes the motion. However, I will grant the motion. Plaintiff must file his response to defendant's motion for summary judgment by **June 19, 2015**.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to strike (ECF No. 84) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike (ECF No. 89) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel (ECF No. 92) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel (ECF No. 95) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to withdraw or amend/correct (ECF No. 103) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for default (ECF No. 112) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel (ECF No. 125) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel (ECF No. 129) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion to compel (ECF No. 133) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motion to impose sanctions (ECF No. 138) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time (ECF No. 148) is **GRANTED**. Plaintiff shall respond to defendant's motion for summary judgment by **June 19, 2015**.

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgment (ECF No. 159) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike (ECF No. 165) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to disregard filings (ECF No. 169) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court **STRIKE** defendant's proposed finding of fact number 4, (ECF No. 68, p. 2), Dr. Dickey's declaration at paragraph 18, (ECF No. 69, p. 5), and the first paragraph under subsection B of the statement of facts

section of the defendant's brief in support of motion for summary judgment at page 4. (ECF No. 67, p. 4)

Dated at Milwaukee, Wisconsin, this 26th day of May, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

14